LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| JUAN SONTAY and ARMANDO DE JESUS SONTAY IXCOY, *on behalf of themselves, FLSA Collective Plaintiffs and the Class,*<br>     Plaintiffs,<br><br>v.<br><br>144 NINTH GOTHAM PIZZA INC.,<br>  d/b/a GOTHAM PIZZA<br>1443 YORK GOTHAM PIZZA INC.,<br>  d/b/a GOTHAM PIZZA<br>1667 FIRST GOTHAM PIZZA INC.,<br>  d/b/a GOTHAM PIZZA<br>852 EIGHTH GOTHAM PIZZA, INC.,<br>  d/b/a GOTHAM PIZZA<br>LANA SHAMAILOVQ<br>     Defendants. | Case No:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

---

  Plaintiffs JUAN SONTAY (Plaintiff SONTAY) and ARMANDO DE JESUS SONTAY IXCOY (Plaintiff IXCOY) ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, 144 NINTH GOTHAM PIZZA INC. d/b/a GOTHAM PIZZA, 1443 YORK GOTHAM PIZZA INC. d/b/a GOTHAM PIZZA, 1667 FIRST GOTHAM PIZZA INC. d/b/a GOTHAM PIZZA and 852 EIGHTH GOTHAM PIZZA, INC. d/b/a GOTHAM PIZZA (collectively, "Corporate Defendants"), LANA SHAMAOLOVQ ("Individual

1

Defendant," and collectively with the Corporate Defendants, "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that they and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to rounding, (2) unpaid minimum wage and overtime due to invalid tip credit, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiffs further allege, pursuant to the New York Labor Law ("NYLL"), that they and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to rounding, (2) unpaid minimum wage and overtime due to invalid tip credit, (3) unpaid spread of hours premium, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff JUAN SONTAY is a resident of Bronx County of New York.

6. Plaintiff ARMANDO DE JESUS SONTAY IXCOY is a resident of Bronx County of New York.

7. Defendants operate the below restaurants as a single integrated enterprise under the trade names "GOTHAM PIZZA" at the following addresses:

(a) 144 9th Avenue, New York, NY 10011;

(b) 1443 York Avenue, New York, NY 10075

(c) 1667 1st Avenue G FL, New York, NY 10028

(d) 852 Eighth Avenue, New York, NY 10019 (collectively, the "Restaurants").

8. The Restaurants are operated by Defendants as a single integrated enterprise. The Restaurants are commonly owned by the Individual Defendants. Specifically, the Restaurants are engaged in related activities, share common ownership and have a common business purpose:

    a. As all of them are Italian Food Restaurants, supplies are interchangeable among the Restaurants locations;

    b. Employees are interchangeable among the Restaurants locations, and in fact employees are frequently interchanged.

    c. All the Gotham Pizza restaurants share the same "Gotham Pizza" name and are marketed jointly on one (1) common Facebook account. *See* Exhibit A for the display of all four (4) locations on the webpage.

    d. The locations of 1443 YORK GOTHAM PIZZA INC d/b/a GOTHAM PIZZA and 144 NINHT GOTHAM PIZZA d/b/a GOTHAM PIZZA are exhibited on the following website: https://www.gothampizzany.com/. *See* Exhibit B for the locations.

    e. All the Gotham Pizza restaurants share similar menus at similar prices.

    f. The Restaurants share a common ownership and management team. The Restaurants are both owned and managed by the Individual Defendants.

9. Corporate Defendant 144 NINTH GOTHAM PIZZA INC. d/b/a GOTHAM PIZZA is a domestic business corporation organized under the laws of the State of New York

with an address for service of process located at 48 Willow Gate Roslyn Heights, NY 11577 and with its restaurant's address located at 144 9th Avenue, New York, NY 10011.

10. Corporate Defendant 1443 YORK GOTHAM PIZZA INC. d/b/a GOTHAM PIZZA is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service located at 1443 York Avenue, New York, NY 10075.

11. Corporate Defendant 1667 FIRST GOTHAM PIZZA INC. d/b/a GOTHAM PIZZA is a domestic business corporation organized under the laws of the State of New York, with an address for service at 48 Willow Gate, Roslyn Heights, New York 11577 and with its restaurant's address located at 1667 1st Avenue, New York, NY 10028.

12. Corporate Defendant 852 EIGHTH GOTHAM PIZZA INC. d/b/a GOTHAM PIZZA is a domestic business corporation organized under the laws of the State of New York, with an address for service at 48 Willow Gate, Roslyn Heights, New York 11577 and with its restaurant's address located at 852 Eighth Avenue, New York, NY 10028.

13. Individual Defendant LANA SHAMAILOVQ is an owner and principal of the Corporate Defendants. Defendant LANA SHAMAILOVQ exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. Defendant LANA SHAMAILOVQ frequently visited all of the Restaurant locations. Defendant LANA SHAMAILOVQ exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Defendant LANA SHAMAILOVQ directly regarding any of the terms of their

employment, and Defendant LANA SHAMAILOVQ had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

14. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL and regulations thereunder.

15. At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendants.

.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including but not limited to delivery person, cooks, waiters, runners, bussers, food preparers, cashiers, counter persons, and cleaning persons employed by Defendants on or after the date that is six (6) years before the filing of the Complaint ("FLSA Collective Plaintiffs").

17. At all relevant times, Plaintiffs and FLSA Collective Plaintiffs have been and are similarly situated, have had substantially similar job requirements and pay provisions, and have been and continue to be subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules—all of which have culminated in a willful failure and refusal to pay Plaintiffs and FLSA Collective Plaintiffs for all hours worked, including overtime premium at one-and-one half times their base hourly rates for each hour worked in excess of

forty (40) per workweek. Plaintiffs' claims stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

18. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

19. Plaintiffs bring claims for relief pursuant to the Federal Rule of Civil Procedure ("F.R.C.P.") 23, on behalf of all current and former non-exempt employees, including but not limited to delivery person, cooks, waiters, runners, bussers, food preparers, cashiers, counter persons, and cleaning persons employed by Defendants on or after the date that is six (6) years before the filing of the Complaint (the "Class" or "Class Members").

20. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the

calculation of that number rests are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

22.  Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subjected to the same corporate practices of Defendants, including (i) failing to pay wages due to rounding, (ii) failing to pay minimum wage and overtime premium due to invalid tip credit, (iii) failing to pay spread of hours premium, (iv) failing to provide wage statements in compliance with the New York Labor Law, and (vi) failing to provide wage and hour notices upon hiring and as required thereafter, pursuant to the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures by Defendants.

23.  With regard to Plaintiffs and the Class, Defendants also failed to pay them the proper minimum wage and overtime because Defendants were not entitled to claim any tip credit because they failed to meet statutory requirements under the New York Labor Law. Plaintiffs and the Class suffered from Defendants' failure to pay minimum wage and their proper overtime due to Defendants' invalid tip credit allowance because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter, (ii) claimed a tip credit in excess of the statutory amount permissible, (iii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, (iv) failed to provide proper wage statements clearly indicating tip

credit allowance for each payment period, and (v) failed to accurately keep track of daily tips earned and maintain records thereof.

24. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

25. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation as well as employment litigation and have previously represented plaintiffs in wage and hour cases.

26. A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of

separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

27. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

28. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York law;

   b) What were and are the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiffs and the Class members properly;

   c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiffs and the Class members for their work;

d) Whether Defendants properly notified Plaintiffs and the Class members of their hourly rate and overtime rate;

e) Whether Defendants paid Plaintiffs and the Class members the overtime premium at one-and-one-half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek;

f) Whether Defendants paid the "spread of hours" premium owed to Plaintiffs and the Class members working more than ten hours per day as required by New York Labor Law;

g) Whether Defendants provided to Plaintiff and the Class members proper wage and hour notices at date of hiring, as required under the New York Labor Law;

h) Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

i) Whether Defendants accurately tracked the amount of tips earned each day and maintained records thereof;

j) Whether Defendants caused Plaintiffs to engage in non-tipped duties exceeding 20% of each workweek;

k) Whether Defendants took the proper amount of tip credit allowance for each payment period under the New York Labor Law; and

l) Whether Defendants provided proper wage statements informing (i) Plaintiff of the amount of tip credit taken for each payment period, and (ii) all non-exempt employees of information required to be provided on wage statements under the New York Labor Law.

## STATEMENT OF FACTS

*Plaintiff JUAN SONTAY*

29. In or around December 2015, Plaintiff SONTAY was hired by Defendants to work as a delivery person for Defendants' Gotham Pizza located at 1443 York Avenue, New York, NY 10075.Plaintiff's employment with Defendants terminated in or around May 2019.

30. Throughout his employment with Defendants, Plaintiff worked six (6) days per week, from 10:30 a.m. to 12:00 a.m. for two (2) days and from 12:00 p.m. to 12:00 a.m. for four (4) days, for a total of seventy-five (75) hours each week. Plaintiff SONTAY was paid in cash at a base hourly rate of $5.00 per hour. During Plaintiff SONTAY's employment with Defendants, FLSA Collective Plaintiffs and Class members worked similar hours and pay rates.

31. Throughout Plaintiff SONTAY's employment with defendants, he was not compensated proper overtime premium for all his hours worked in excess of forty (40) hours each week. Plaintiff regularly worked seventy-five (75) hours per week, he was only paid $7.00 per hour for all hours in excess of forty (40) hours each week. Plaintiff has therefore not been properly compensated by Defendants at the overtime premium rate of one and a half times his regularly hourly rate for all overtime works. Class members were similarly not paid the proper overtime rates when their workweek exceed forty (40) hours.

*Plaintiff ARMANDO DE JESUS SONTAY IXCOY*

32. In or around June 2016, Plaintiff IXCOY was hired by Defendants to work as a delivery person for Defendant's Gotham Pizza at all locations. Plaintiff's employment with Defendants ended in or around June 2019.

33. Throughout his employment with Defendants, Plaintiff IXCOY regularly worked six (6) days each week, from 10:30 a.m. to 10:30 p.m., for twelve (12) hours per day for a total

11

of seventy-two (72) hours each week. Plaintiff IXCOY was paid in cash at a straight time rate of $5.00 per hour. During Plaintiff's employment with Defendants, FLSA Collective Plaintiffs and Class members worked similar hours and pay rates.

34. Throughout Plaintiff IXCOY's employment with Defendants, he was not compensated proper overtime premium for all his hours worked in excess of forty (40) hours each week. Plaintiff regularly worked seventy-two (72) hours per week, he was only paid $5 per hour for all hours worked. Plaintiff has therefore not been properly compensated by Defendants at the overtime premium rate of one and a half times his regularly hourly rate for all hours in excess of forty (40) hours each week. Class members were similarly not paid the proper overtime rates when their workweek exceeded forty (40) hours.

35. In addition, Defendant's timekeeping policies functioned to reduce the paid hours of Plaintiffs and other similarly situated in violation of the FLSA and NYLL by rounded down to the nearest 30 minutes. Thus, if Plaintiffs or others similarly situated started working at 12:00 p.m. and stopped working at 12: 20 a.m., Defendants would record a working hour of 12 hours, and the additional time Plaintiffs or other similarly situated worked would not be recorded or paid.

36. In addition, Defendants illegally deducted 15% of all tips that Plaintiffs earned. Based on Plaintiffs' actual experiences and their direct observations and conversations with other employees of Gotham Pizza, Class members similarly had also been deducted tips by Defendants.

37. Plaintiffs and Class members were paid below the minimum wage at an invalid "tip credit" minimum wage. With respect to Plaintiffs and Class members, Defendants were not entitled to claim any tip credit allowance under the NYLL because Defendants (i) failed to

properly provide tip credit notice; (ii) failed to inform them that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by them; (iii) failed to inform that all tips received by them are to be retained by them except pursuant to a valid tip pooling arrangement; (iv) failed to inform that tip credit will not apply unless they have been informed of the foregoing tip credit notice requirement; (v) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek; (vi) claimed a tip credit in excess of the statutory amount permissible; (vii) failed to accurately track daily tips earned or maintain records thereof; (viii) failed to properly provide tip credit notice at hiring and annually thereafter; and (ix) failed to provide a proper wage statement with every payment of wages informing tipped employees of the amount of tip credit deducted for each payment period, in violation of the New York Labor Law.

38. Plaintiffs and Class members were required to engage more than 20% of their working time in non-tipped related activities, including, but not limited to, preparing foods, cutting vegetables, washing dishes, and cleaning the restaurant. Even though Defendants required tipped employees to engage in non-tipped activities for hours exceeding 20% of the total hours worked each workweek, Defendants improperly claimed tip credit for all hours worked by tipped employees.

39. Defendants never provided Plaintiffs with wage notices, as required by the NYLL. Similarly, FLSA Collective Plaintiffs and Class Members were never provided with any wage notices.

40. Defendants did not provide Plaintiffs with proper wage statements at all relevant times. Similarly, the Class members also did not receive proper wage statements, in violation of the NYLL.

41. Plaintiffs, FLSA Collective Plaintiffs, and the Class members had workdays that regularly exceeded ten (10) hours in length. However, Defendants routinely failed to pay them spread of hours premiums due under the NYLL.

42. Plaintiffs, FLSA Collective Plaintiffs, and the Class members were required by Defendants to perform unpaid work due to rounding, resulting in unpaid wages and overtime premium.

43. At no time during the relevant time periods did Defendants provide Plaintiffs or the Class members with wage notices or proper wage statements as required by NYLL.

44. In or around September 2020, Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs, and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

### ON BEHALF OF PLAINTIFFS AND FLSA COLLECTIVE PLAINTIFFS

45. Plaintiffs reallege and reaver Paragraphs 1 through 44 of this class and collective action Complaint as if fully set forth herein.

46. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

47. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

48. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

49. At all relevant times, Defendants had a policy and practice of failing to pay wages for all hours worked.

50. At all relevant times, Defendants willfully violated Plaintiffs' and FLSA Collective Plaintiffs' rights by failing to pay them wages in the lawful amount for all hours worked, including those in excess of forty (40) hours worked each week, due to time-shaving.

51. Records, if any exist, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, Plaintiffs will then seek leave of Court to amend this Complaint to set forth the precise amount due.

52. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

53. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (*i.e.*, double) damages pursuant to the FLSA.

54. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, and an equal amount as liquidated damages.

55. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to the FLSA.

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

## ON BEHALF OF PLAINTIFFS AND CLASS MEMBERS

56. Plaintiffs reallege and reaver Paragraphs 1 through 55 of this class and collective action Complaint as if fully set forth herein.

57. At all relevant times, Plaintiffs and the Class members were employed by the Defendants within the meaning of the New York Labor Law §§ 2 and 651.

58. At all relevant times, Defendants willfully violated Plaintiff's and Class member's rights by failing to pay them the statutory minimum wage and proper overtime premium for their lawful hours worked. Defendants were not entitled to claim any tip credits.

59. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiffs and the Class Members for all hours worked, including at the statutory rate of time and one-half the regular rate for overtime hours worked, due to Defendants' policy of time-shaving.

60. In addition, Defendants willfully violated Plaintiffs and the Class members' rights by failing to pay them spread of hours premiums required by state law.

60. Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

61. Defendants failed to provide a proper wage and hour notice, on the date of hiring and annually, to all non-exempt employees, in direct violation of the New York Labor Law.

62. Defendants failed to provide proper wage statements with every payment issued to Plaintiffs and the Class members, as required by New York Labor Law § 195(3).

63. Due to Defendants' New York Labor Law violations, Plaintiffs and the Class members are entitled to recover from Defendants their unpaid minimum wages, and overtime

premium due to invalid tip credit, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties, and costs and disbursements of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs JUAN SONTAY and ARMANDO DE JESUS SONTAY IXCOY, on behalf of themselves, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. An award of unpaid wages due under the FLSA and NYLL, including those due to rounding and an invalid tip credit;

d. An award of unpaid spread of hours premium due under the NYLL;

e. An award of statutory penalties as a result of Defendants' failure to comply with wage notice and wage statement requirements under the NYLL;

f. An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages, pursuant to the FLSA or NYLL;

g. An award of pre-judgment and post-judgment interest, costs, and expenses of this action, together with reasonable attorneys' and expert fees;

h. Designation of Plaintiffs JUAN SONTAY and ARMANDO DE JESUS SONTAY IXCOY as Representatives of the FLSA Collective Plaintiffs;

i. Designation of this action as a class action pursuant to F.R.C.P. 23;

j. Designation of Plaintiffs as Representative of the Class; and

k. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: February 9, 2021                             Respectfully submitted,

                                                             LEE LITIGATION GROUP, PLLC

                              By:     */s/ C.K. Lee*

                                          C.K. Lee (CL 4086)
                                          Anne Seelig (AS 3976)
                                          148 West 24th Street, 8th Floor
                                          New York, NY 10011
                                          Tel.: 212-465-1188
                                          Fax: 212-465-1181
                                          *Attorneys for Plaintiffs, FLSA Collective Plaintiffs*
                                          *and the Class*